IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THE AMERICAN AUTOMOBILE ASSOCIATION, INC.                      PLAINTIFF

v.                                    CIVIL ACTION NO. 1:24-CV-65-SA-DAS

AAA AUTO CARE, LLC d/b/a AAA AUTO CARE;
TAYLOR BRAGAN; LINDSAY CRUSE BRAGAN                      DEFENDANTS

## ORDER

The American Automobile Association, Inc. ("AAA") initiated this trademark infringement action on April 3, 2024 by filing its Complaint [1] against AAA Auto Care, LLC; Taylor Bragan; and Lindsay Cruse Bragan ("the Defendants"). The Defendants have filed no responsive pleadings or otherwise appeared in this litigation. On December 17, 2024, the Court entered an Order and Memorandum Opinion [19] granting AAA's Motion for Default Judgment [14]. The Court's Order [19] directed the Defendants to cease using AAA's name and marks and file a sworn report setting forth the manner and form of their compliance within 30 days. The Order [19] also awarded AAA $10,087.50 in attorneys' fees and directed AAA to inform the Court of the Defendant's compliance.

Before the Court is AAA's Response to the Court's Order and Motion for Attorneys' Fees [23]. The Motion [23] requests $4,740.00 in attorneys' fees and $150.00 to retain to an investigator. AAA asserts that because the Defendants have failed to respond to the Court's Order [19], AAA has incurred additional fees and expenses, "including hiring an investigator to inspect the signage at Defendant's physical place of business; probing the Mississippi Secretary of State's Office website to determine whether Defendants have changed the legal name of their business; monitoring Defendants' Facebook page for continued infringement; and preparing, researching, and filing this motion, altering the Court of Defendants' activities and non-compliance." [24] at p.

3. According to the Motion [23], the Defendants have changed their legal name and signage but have not changed the infringing name on their Facebook page.

When the Court chooses to award attorneys' fees, the "lodestar" method is used for their calculation. *See CrossFit, Inc. v. Columbus CrossFitness, LLC*, 2014 WL 2711972, at *3 (N.D. Miss. June 16, 2014) (citing *Heidtman Cty. of El Paso, Tex.*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar method is calculated by multiplying the number of hours spent on the matter by a reasonable hourly rate for such work in the community. *Id.* After calculating the lodestar amount, the Court may adjust the amount of attorneys' fees based on the relative weight of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* However, "there exists a strong presumption of the reasonableness of the lodestar amount." *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006) (citing *Heidtman*, 171 F.3d at 1043).

The Declaration of Michael C. Williams submitted in support of the Motion [23] shows that Williams billed 4.4 hours at $375 per hour and Garner Vance billed 10.3 hours at $300 per hour, resulting in a lodestar of $4,740.00. *See* [23], Ex. 1 at p. 4. The Court approved these hourly rates in its previous Order [19] and sees no need to repeat its analysis herein. Moreover, there is no evidence in the record suggesting that a departure from the lodestar amount is warranted, and the requested amount appears to be reasonable.

Lastly, Williams' declaration provides that based on his experience, $150.00 is a reasonable fee for an inspector to surveil the business and record digital evidence. *See id.* at p. 2. The Court finds this requested expense reasonable.

For these reasons, the Motion for Attorneys' Fees and Costs [23] is GRANTED. The Court awards AAA $4,740.00 in attorneys' fees and $150.00 in costs. Having granted all relief AAA has requested, the Court sees no need for the case to remain open. This CASE is hereby CLOSED.

SO ORDERED, this the 19th day of September, 2025.

/s/ Sharion Aycock  
SENIOR UNITED STATES DISTRICT JUDGE